IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (CLEVELAND)

| | |
|---|---|
| BENJAMIN RICH<br>13240 Spruce Run Drive, Apt. 103<br>North Royalton, Ohio 44133<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>HOFFMANN-LA ROCHE INC.;<br>ROCHE LABORATORIES INC.;<br>F. HOFFMANN-LA ROCHE LTD.; and<br>ROCHE HOLDING LTD.<br>　　　　　　　　　　Defendants. | CIVIL ACTION NO. 1:11-cv-44<br><br>Judge _____<br><br>**NOTICE OF REMOVAL BY DEFENDANTS HOFFMANN-LA ROCHE INC. AND ROCHE LABORATORIES INC.** |

Defendants, Hoffmann-La Roche Inc. and Roche Laboratories Inc. (collectively, "Defendants") hereby jointly petition this Court for removal of this action from the Court of Common Pleas of Cuyahoga County, Ohio to the United States District Court for the Northern District of Ohio, Eastern Division pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), and in support, state the following:

### I. BACKGROUND

1. This products liability action is pending in the Court of Common Pleas of Cuyahoga County, Ohio, Case No. CV 10 74478. The Plaintiff's Complaint was filed on December 30, 2010. Plaintiff, Benjamin Rich, ("Plaintiff") has demanded a jury trial.

2. No Defendant has been served with the summons or Complaint. This Notice of Removal, therefore is timely filed under 28 U.S.C. §1446(b). Copies of all process and pleadings filed in the state court action are attached as <u>Exhibit 1</u>. No further proceedings have occurred in this action.

1

3. This action is one of several products liability actions that have been filed against some or all of the Defendants based on allegations that ingestion of the prescription drug Accutane® caused personal injuries.

4. Many Accutane® cases have been filed in or removed to federal court on grounds of diversity jurisdiction under 28 U.S.C. § 1332.

5. The Judicial Panel on Multidistrict Litigation has transferred the federal Accutane® cases to the Honorable Judge James S. Moody Jr. of the United States District Court for the Middle District of Florida, as part of MDL No. 1626, *IN RE: Accutane (Isotretinoin) Products Liability Litigation.*

6. Since this case is a related action, Defendants will seek transfer of this case to the MDL 1626 proceedings pending in the Middle District of Florida.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §1332 AND §1441

7. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because complete diversity of citizenship exists between Plaintiff and each Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. 28 U.S.C. §1332(a) Diversity of Citizenship

8. Plaintiff Benjamin Rich is and was at the institution of this civil action, a citizen of the State of Ohio. (Complaint at ¶1).

9. Defendant Hoffmann-La Roche Inc. is a corporation organized and existing under the laws of the state of New Jersey, having its principal place of business in New Jersey. It is not now, and was not at the time the Complaint was filed, a

citizen of the State of Ohio within the meaning of the Acts of Congress relating to the removal of cases.

10. Defendant Roche Laboratories Inc. is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business in New Jersey. It is not now, and was not at the time the Complaint was filed, a citizen of the State of Ohio within the meaning of the Acts of Congress relating to the removal of cases.

11. Defendant F. Hoffmann-La Roche Ltd. is a foreign corporation with its corporate headquarters in Basel, Switzerland. It is not now, and was not at the time the Complaint was filed, a citizen of the State of Ohio within the meaning of the Acts of Congress relating to the removal of cases.

12. Defendant Roche Holding Ltd. is a foreign corporation with its corporate headquarters in Basel, Switzerland. It is not now, and was not at the time the Complaint was filed, a citizen of the State of Ohio within the meaning of the Acts of Congress relating to the removal of cases.

13. No defendant is a citizen of the State of Ohio. Accordingly this action may be removed this Court pursuant to 28 U.S.C. §1441.

14. The consent of the non-removing defendants, F. Hoffmann-La Roche Ltd. and Roche Holding Ltd., is not required because neither defendant has been served as of the time of the filing of this Notice of Removal. *See Kralj v. Byers,* 2006 U.S. Dist. LEXIS 16404, * 6-7 (N.D. Ohio April 5, 2006).

### B. 28 U.S.C. §1332(a) Amount in Controversy [1]

15. This state court action may be removed in accordance with 28 U.S.C. §1441(a) because the amount in controversy exceeds $75,000, exclusive of interests and costs.

16. Plaintiff asserts seven causes of action in the Complaint, including: I. Negligence; II. Products Liability-Defective Design; III. Products Liability- Failure to Warn; IV. Violation of Ohio Consumer Sales Practices Act; V. Breach of Express Warranty; and VI. Punitive Damages.

17. Plaintiff alleges that after ingesting Accutane® he "began experiencing rectal bleeding and lower abdominal pain that progressively got worse and Plaintiff was subsequently diagnosed with distal sigmoid colitis and proctitis. Complaint at ¶18. He asserts that he "continues to suffer from distal ulcerative colitis." *Id.* at ¶19. Plaintiff further alleges that he "has suffered and continues to suffer serious and permanent physical and emotional injuries, has expended and will expend large sums of money for medical care and treatment, has suffered and will continue to suffer economic loss, and has otherwise been physically, emotionally, and economically harmed." *Id.* at ¶24.

18. In each of Counts I through VII of the Complaint, Plaintiff demands judgment for compensatory and punitive damages in an amount exceeding $25,000, plus interest, costs of suit, attorneys' fees, and such other relief as the Court deems proper.

---

[1] Although Defendants dispute that Plaintiff is entitled to bring this action, and Defendants deny liability and contend that Plaintiff can recover nothing under the claims in the Complaint, for purposes of removal only, Plaintiff's allegations and the relief sought by Plaintiff are to be considered in determining the value of the claims as pled and the amount in controversy.

19. Such allegations constitute an evidentiary admission by the plaintiff that this Court may consider in determining whether a defendant has met its burden of proof concerning the amount-in-controversy. *See Cancino v. Yamaha Motor Corp.*, 494 F. Supp 2d 664, 667 (S.D. Ohio 2005)

20. In Count IV, Plaintiff also seeks treble damages under the Ohio Consumer Sales Practices Act ("OCSPA"), R.C. 1345.01, *et seq.*

21. In Count VI, Plaintiff seeks punitive damages in an amount appropriate to punish Defendants and deter them from similar conduct in the future.

22. In the final Prayer for Relief, Plaintiff demands judgment awarding compensatory damages, treble damages, punitive damages, costs and disbursements, costs of investigations, attorneys' fees and all such other relief available under Ohio law.

23. It is well settled law that in calculating the amount in controversy, the court may consider compensatory damages, punitive damages and statutorily authorized attorneys fees. *Curry v. Applebee's International Inc.*, (S.D. Ohio) 2009 U.S. Dist. LEXIS 114143, at *14-15 citing *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) (statutorily authorized penalties and attorneys' fees may be included in calculating the jurisdictional amount); *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (when determining the jurisdictional amount in diversity cases punitive damages must be considered unless it is apparent to a legal certainty that they cannot be recovered).

24. Plaintiff's claim under the OCSPA provides for a statutory award of attorneys fees under R.C. 1345.09. Therefore, attorneys' fees may be considered for purposes of calculating the $75,000 amount in controversy requirement.

25. Plaintiff clearly has placed in controversy an amount in excess of $75,000 by seeking damages in an amount exceeding $25,000, punitive damages, treble damages and attorneys' fees. *See generally Wenz v. Columbia Gas Transmission Corp.*, 2008 U.S. Dist. LEXIS 24024 (N.D. Ohio March 4, 2008) (where plaintiff pled damages in excess of $25,000, and entitlement to punitive and treble damages, the amount in controversy was more than $75,000); *see also Cancino v. Yamaha Motor Corp., U.S.A.*, 494 F. Supp. 2d 664 (S.D. Ohio 2005) (the court, in finding that the amount in controversy exceeded $75,000, trebled each plaintiff's request for compensatory damages in excess of $25,000 under the OCSPA).

### III. VENUE

26. Venue of this removal action is proper under 28 U.S.C. §1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state court action was pending.

27. This action is not an action described in 28 U.S.C. §1445.

28. Pursuant to 28 U.S.C. §1446(d), a true and accurate copy of this Notice of Removal, with the accompanying exhibits, is being served on counsel for the Plaintiff, and will be filed with the Clerk of Court for the Court of Common Pleas of Cuyahoga County, Ohio.

WHEREFORE, Defendants respectfully hereby remove this action from the Court of Common Pleas of Cuyahoga County, Ohio to the United States District Court for the Northern District of Ohio as provided by law.

Respectfully submitted,

/s/ James A Comodeca
James A. Comodeca (0038564)
DINSMORE & SHOHL LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202
Telephone: (513) 977-8200
Fax: (513) 977-8141
e-mail: jim.comodeca@dinslaw.com

**Trial Attorney for Defendants Hoffman-La Roche Inc. and Roche Laboratories Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that one copy of the foregoing Notice of Removal was served via first class United States mail, postage prepaid, this **6th** day of **January, 2011**, upon:

Courtney J. Trimacco
REMINGER CO., LPA
1400 Midland Bldg
101 Prospect Avenue, W
Cleveland, OH 44115-1093
**Attorney for Plaintiff**

/s/ James A. Comodeca

1865097_1